IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SAINT PAUL FIRE AND MARINE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 1:18-cv-2820 (AJT/TRJ) |
| LUMBER LIQUIDATORS, INC, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## **ORDER**

In this declaratory judgment action, filed on August 15, 2018, Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul"), one of Defendant Lumber Liquidators' excess insurance carriers, seeks a declaration that it owes no duty to defend or indemnify Lumber Liquidators in connection with lawsuits or claims against it arising out of its sale of certain flooring products. On September 26, 2018, Lumber Liquidators filed its Motion to Dismiss [Doc. 11], in which it asks this Court to abstain in favor of an action pending in Wisconsin state court ("the Motion"). The Court held a hearing on the Motion on November 16, 2018, following which it took the Motion under advisement. Upon consideration of the Motion, the memoranda of law in support thereof and in opposition thereto, the arguments of counsel, the transcripts of hearings before the Wisconsin Court, and for the reasons stated herein, the Motion is GRANTED and this action is DISMISSED.

## I. BACKGROUND

Beginning in 2014, Lumber Liquidators was sued throughout the country under various legal theories for injuries and damages allegedly arising out of its sale of its Chinese-manufactured flooring. The federal Panel on Multidistrict Litigation transferred to this Court two set of actions pertaining to those lawsuits, one, MDL No. 1:15-md-02627, pertaining to injuries allegedly caused by the emission of formaldehyde from Lumber Liquidators' flooring ("the Formaldehyde Litigation"), and a second, MDL No. 1:16-md-02743, alleging injuries arising out of durability issues with the flooring (the Durability MDL") (collectively "the MDLs"). As alleged in the Complaint, there are additional other claims that are pending in various state courts, as well as claims not yet filed (collectively referred to, together with the MDL Litigation, as "the pending claims").

In 2015, Lumber Liquidators began demanding that its various primary and excess liability insurers, including St. Paul, one of its excess carriers, defend and indemnify it with respect to claims pertaining to its flooring. Thereafter, on April 22, 2015, five of Lumber Liquidators' primary insurers, but not St. Paul, filed a declaratory judgment action in this District, Civil Action No. 4:15-cv-34 (the prior Virginia Action). On April 27, 2015, Lumber Liquidators filed a separate insurance coverage suit in the Circuit Court of Dane County, Wisconsin, Case No. 15-cv-1089 ("the Wisconsin Action"), seeking both damages and a declaratory judgment against its primary and excess insurers, including St. Paul, with respect to the pending claims. In May 2015, Lumber Liquidators' excess insurers, including St. Paul, moved to intervene in the prior Virginia Action. The Court in the prior Virginia action allowed the excess insurers to intervene in that action and also denied Lumber Liquidators' motion to abstain in favor of the Wisconsin action, holding that abstention was not warranted under

2

*Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942). Also in February 2016, the Wisconsin Court stayed the Wisconsin Action pending the outcome of the prior Virginia Action.

Thereafter, Lumber Liquidators reached a settlement with the original plaintiffs in the Virginia action, i.e., its primary insurers, and on July 13, 2016, those parties jointly moved to dismiss the Virginia action, including St. Paul's claims. On February 8, 2017, the Court granted the motion and dismissed the prior Virginia Action "in favor of the litigation now pending before the Wisconsin court," stating:

> The [original plaintiffs'] primary coverage obligations were not fully litigated in this Court because their complaint was dismissed. As a result, the [intervenors'] excess coverage obligations are no longer in danger of being triggered in this Court. The same cannot be said, however, for the pending litigation in Wisconsin, to which [the intervenors] are parties and during which they will have the opportunity to litigate these issues. The Court does not find it necessary to litigate issues already before the Wisconsin court.

[Doc. 12-4 at 4].

In April 2018, Lumber Liquidators moved to lift the stay in the Wisconsin case. On June 12, 2018 the Wisconsin Court lifted the stay and ordered the parties to engage in limited discovery relating to choice-of-law issues to aid the Court in analyzing which state's laws would apply under Wisconsin's choice-of-law rules. [Doc. 12-11]. On August 15, 2018, St. Paul filed this action; and on August 20, 2018, filed a motion to dismiss the Wisconsin action in favor of this action. On November 6, 2018, the Wisconsin Court stayed that action pending the Court's ruling on the Motion.

## II. LEGAL STANDARD

As a general matter, "[d]espite what may appear to result in a duplication of judicial resources, the rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McLaughlin v. United Va. Bank*, 955 F.2d 930, 934 (4th Cir. 1992) (quotation and alteration omitted) (quoting

*McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Moreover, federal courts generally have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). To that end, the Supreme Court has explained that federal courts may abstain from entertaining a declaratory judgment action when a parallel state proceeding is ongoing and the court finds that abstaining in favor of the state proceeding is warranted because the state forum is the better place to decide the controversy. *Brillhart* 316 U.S. at 494–95 (1942). In fact, the normal presumption in favor of exercising jurisdiction is reversed in this context: "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 495. When that is the case, the federal court must weigh "considerations of federalism, efficiency, and comity." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998) (quotation omitted).

District courts have wide discretion in deciding whether to exercise jurisdiction or abstain in favor of a state proceeding. *Aetna Cas. & Sur. Co. v. Ind–Com Elec. Co.*, 139 F.3d 419, 421–22 (4th Cir. 1998). To balance the state and federal interests at stake when a state parallel proceeding is underway, the court should consider the following four factors in deciding whether to exercise *Brillhart* abstention: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create

4

unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping. *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493–94 (4th Cir. 1998).[1]

### III. ANALYSIS

#### A. Wisconsin's Interest in Deciding the Issues in Its Courts

As the Wisconsin Court has observed, Wisconsin does not have a strong interest in deciding these coverage issues. Virginia, on the other hand, appears to have a stronger connection to the case, only because Lumber Liquidators is located in Virginia, although as the Wisconsin Court recognized, no jurisdiction has a particularly strong connection to the underlying coverage issues and those issues could appropriately be litigated in a number of jurisdictions.

#### B. Whether the Wisconsin Court Could Resolve the Issues More Efficiently Than This Court

The Wisconsin Action has been pending for more than three years. As evidenced by the already conducted hearings before that Court, the Wisconsin Court has spent a considerable amount of time in understanding and analyzing the underlying coverage issues and has issued discovery orders in order to resolve those issues. On the other hand, this action is still in its infancy, and while it would no doubt move quickly were it to proceed, there is nothing to suggest

---

[1] A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is an appropriate vehicle by which to move the court to exercise *Brillhart* abstention. *See* 5B Wright & Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2018) ("Courts have recognized a variety of other defenses that one normally would not think of as raising subject-matter jurisdiction questions when considering a Rule 12(b)(1) motion, such as claims that . . . the subject matter is one over which the federal court should abstain from exercising jurisdiction." (footnotes omitted)). In determining whether abstention is appropriate, the threshold question is whether the action is parallel. *Chase Brexton HealthServs., Inc., v. Maryland*, 411 F.3d 457, 463 (4th Cir. 2005). Two suits are parallel when "substantially the same parties litigate substantially the same issues in different forums." *Id.* at 464 (quoting *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991)). Once it is established that two suits are parallel, the court then proceeds to decide whether to exercise *Brillhart* abstention. Here, it is clear that this action and the Wisconsin Action are "parallel actions."

that the issues would be resolved more efficiently in this Court. This Court has been involved in the MDLs and is more familiar than the Wisconsin Court with the issues in those cases as well as the Settlement that has been reached. But the coverage issues do not appear to be so tied to the merits of that litigation or the substance of the Settlement reached in that litigation that this Court's involvement in the MDLs would materially advantage the Court over the Wisconsin Court in resolving these state law issues.

## C. Whether the Presence of Overlapping Issues of Fact or Law Could Create Unnecessary Entanglement Between the Wisconsin Court and This Court

Were both this Court and the Wisconsin Court to proceed simultaneously, there would, no doubt, be "unnecessary entanglement." But the Wisconsin Court has made clear that it is prepared to allow this action to proceed in Virginia without a competing action in Wisconsin. Thus, this factor does not weigh in favor of abstention.

## D. Whether This Action is Mere "Procedural Fencing," or the Product of Forum Shopping

Central to the Court's assessment is the procedural history of the case. Both parties accuse each other of procedural fencing. Lumber Liquidators claims that St. Paul filed this declaratory judgment action to deprive it of their choice of forum. [Doc. 12 at 16]. St. Paul claims that Lumber Liquidators filed this action in a state not meaningfully connected to the insurance policies in order to "escape Virginia jurisdiction." [Doc. 22 at 5, 9].

The Wisconsin action, filed over three years ago, was the first action that raised coverage issues as between Lumber Liquidators and St. Paul; and the Court in the Prior Virginia Action effectively deferred to the Wisconsin Court in February 2017 on those claims. For whatever reason, St. Paul did not appeal or otherwise challenge that ruling for over a year; and then waited an additional two months before filing this competing action after the Wisconsin court denied its request for a stay and ordered discovery. Moreover, while St. Paul finds the Wisconsin Court

"inconvenient," it is not at all clear that the remaining excess carriers share that view, as evidenced by their lack of an opposition to Lumber Liquidators' motion to dismiss this action in favor of the Wisconsin action. While St. Paul has joined in this action the other excess carriers as defendants, along with Lumber Liquidators, there appears to be no adversity as between the excess carriers; and there would need to be some procedural sorting out in this case. There are no federal law issues implicated in the underlying claims and defenses; and there has not been a sufficient demonstration that the choice-of-law rules, or the substantive law, of any particular jurisdiction will have a material effect on the outcome of the litigation. Nor does the presence of documents or witnesses in any particular jurisdiction materially weigh in favor of any particular forum. Rather, as the Wisconsin Court has already observed, there is no jurisdiction that has a notably strong connection to the coverage issues. Against that background, the Court finds it appropriate to give significant weight to the Wisconsin action's status as the first filed action against the excess carriers, including St. Paul, and also Lumber Liquidators' choice of forum, staked out over three and a half years ago, even though it choose a forum other than its home forum.

For the above reasons, the Court finds and concludes that abstention in favor of the pending Wisconsin action is appropriate. Accordingly, it is hereby

ORDERED that Defendant Lumber Liquidators, Inc.'s Motion to Dismiss [Doc. 11] be, and the same hereby is, GRANTED; and this action is dismissed on abstention grounds.

The Clerk is directed to forward a copy of this Order to all counsel of record.

/s/
_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
November 16, 2018